IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SYDNI DONNELL FRAZIER,

   Plaintiff,

   v.

LT. RIZER,
MRS. BOYD WHITE, and
WARDEN CALVIN WILSON,

   Defendants.

Civil Action No.: RDB-21-0201

**MEMORANDUM OPINION**

Self-represented plaintiff Sydni Donnell Frazier, who is incarcerated at Chesapeake Detention Facility ("CDF"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. Additionally, Plaintiff's Complaint against Lt. Rizer, Mrs. Boyd White, and Warden Calvin Wilson, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff alleges that on September 11, 2020, Defendant Lt. Rizer with Sgt. Henderson and Capt. Latimore confiscated his glasses during a "raid" of his cell. ECF No. 1 at 2; *see* ECF No. 1 at 4. He claims he was told he could send the glasses home, but they were being given to Defendant Warden Calvin Wilson for the time being. *Id.* at 3. Plaintiff claims that over the next month, while he was in segregation, his family contacted the prison regarding his glasses. *Id.* According to Plaintiff, Defendant Boyd White asked for receipts for the glasses and following a disagreement between Defendant Boyd White and Plaintiff's girlfriend, Ariel Johnson, Ms. Johnson was barred from visiting Plaintiff. *Id.* Plaintiff asserts that he filed several informal complaints about his

confiscated glasses, but the only response he received stated they were part of an "ongoing investigation." *Id.* Plaintiff attaches the response to one of his complaints which indicates that the glasses were brought into the prison "illegally without permission." *Id.* at 6. He was told by Defendant Rizer that confiscated contraband could be held for up to one year. *Id.* at 3. Plaintiff seeks $2,000 in monetary damages. *Id.* at 10.

For the reasons discussed below, Plaintiff's Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As to Plaintiff's property loss allegations, the United States Supreme Court has held that claims of negligent deprivation of property by a prison official do not implicate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986). A claim of intentional deprivation of property by a prison official also would not state a constitutional due process claim, provided that the prisoner has access to an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tydings v. Dep't of Corrections*, 714 F.2d 11, 12 (4th Cir. 1983) (finding that Virginia law provides for an adequate post-deprivation remedy). The right to seek damages and injunctive relief in Maryland courts in a tort action constitutes an adequate post-deprivation remedy for inmates in Maryland prisons. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) ("[T]here is no question that the relief available to plaintiff in state court is adequate."); *see also Hawes v. Foxwell*, No. DKC-17-2598, 2018 WL 2389060 at *4 (D. Md. May 25, 2018) (noting that the Maryland Tort Claims Act and the IGO provide adequate post-deprivation

remedies), *Fuller v. Warden*, No. WMN-12-43, 2012 WL 831936 at *2 (D. Md. Mar. 8, 2012). Thus, the claim that Plaintiff's personal property was intentionally taken does not state a constitutional claim for relief. *See Hawes*, 2018 WL 2389060 at *4 (D. Md. May 25, 2018) (dismissing an inmate's property loss claim for failure to state a cognizable constitutional claim); *Fuller v. Horning*, No. WMN-11-1917, 2012 WL 2342947, at *7 (D. Md. June 19, 2012), *aff'd*, 504 F. App'x 218 (4th Cir. 2013) (stating that "removal of property from a prisoner simply does not state a constitutional claim"); *Young-Bey v. Miller*, No. JKB-16-3435, 2018 WL 4108076 at *4 (D. Md. Aug 29, 2018) (holding that a claim that personal property was destroyed did not assert a constitutional violation).

As to Plaintiff's allegation that his visiting privileges were limited, visiting privileges do not implicate a protected liberty interest either. Withdrawal of visiting privileges is "not a dramatic departure from accepted standards for conditions of confinement." *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Where the suspension of visiting privileges is tied to prisoner misconduct, it does not violate the Eighth Amendment. *Id.* "If the withdrawal of all visitation privileges were permanent or for a much longer period, or if it were applied in an arbitrary manner to a particular inmate, the case would present different considerations." *Id*; *see also Williams v. Ozmint*, 716 F.3d 801, 807 n.9 (4th Cir. 2013) (concluding that a two-year suspension of visitation privileges was not arbitrary where the prison official observed the prisoner receive contraband). Plaintiff's allegations do indicate that all of his visitation privileges were withdrawn nor that Ms. Johnson's inability to visit was permanent. As such, Plaintiff's claim must be dismissed.

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior

3

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez,* _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

A separate order follows.

\_\_2/2/2021_____    /s/_____
Date                                                      RICHARD D. BENNETT
                                                          UNITED STATES DISTRICT JUDGE